# **EXHIBIT A**

KENNETH W. MAXWELL #6609
PATRICK Y. HOWELL # 15952
BENJAMIN J. BRANSON #16354
BAUMAN LOEWE WITT & MAXWELL, PLLC
8765 E. Bell Road, Suite 210
Scottsdale, Arizona 85260
Email:      kmaxwell@blwmlawfirm.com
             bbranson@blwmlawfirm.com
             phowell@blwmlawfirm.com

Telephone:   (480) 502-4664
Facsimile:    (480) 502-4774

*Attorneys for Allstate Property and Casualty
Insurance Company, who is suing in the name
of its insured, Janet Lapine, pursuant to
Utah Code Ann § 31A-21-108*

## IN THE THIRD JUDICIAL DISTRICT COURT,
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| JANET LAPINE, | )     Civil Case No. 170906249 |
|         Plaintiff, | ) |
|      v. | )     **SUMMONS** |
| | ) |
| OMEGAFLEX, INC., a Pennsylvania company; and DOES 1 through 50, inclusive, | )Judge:  Honorable Su Chon<br>)Discovery: Tier 3 |
|         Defendant. | ) |

THE STATE OF UTAH TO:
OMEGAFLEX, INC.,
c/o Corporation Service  Company
2595 Interstate Drive, Suite 103
Harrisburg, PA 17110

You are hereby summoned and required to file with the Clerk of the Third Judicial District of Salt Lake  County, State of Utah, Matheson Courthouse 450 South State Street, Salt Lake City, UT 84114-1860 a written Answer to the attached Complaint, and to serve upon or mail to Plaintiff's attorney at the address shown above a copy of your Answer within 21 days after service of this Summons upon you.  (Thirty (30) days if you are not a resident of Utah).

If you fail to so answer, judgment by default will be taken against you for the relief demanded in the Complaint, which has been filed with the Clerk of the above Court and a copy of which is attached and herewith served upon you.

Respectfully submitted this _21_ day of  December, 2017.

BAUMAN LOEWE WITT & MAXWELL, PLLC

Kenneth W. Maxwell
Patrick Y. Howell
Benjamin J. Branson
Attorneys for *Attorneys for Allstate Property and Casualty Insurance Company, who is suing in the name of its insured, Janet Lapine, pursuant to Utah Code Ann § 31A-21-108*

-2-

KENNETH W. MAXWELL #6609
BENJAMIN J. BRANSON #16354
BAUMAN LOEWE WITT & MAXWELL, PLLC
8765 E. Bell Road, Suite 210
Scottsdale, Arizona  85260
Email:        kmaxwell@blwmlawfirm.com
              bbranson@blwmlawfirm.com
Telephone:  (480) 502-4664
Facsimile:   (480) 502-4774

*Attorneys for Allstate Property and Casualty
Insurance Company, who is suing in the name
of its insured, Janet Lapine, pursuant to
Utah Code Ann § 31A-21-108*

## IN THE THIRD JUDICIAL DISTRICT COURT,
## SALT LAKE COUNTY, STATE OF UTAH

|  |  |
|---|---|
| JANET LAPINE, | Civil Case No. 170906249 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| OMEGAFLEX, INC., a Pennsylvania company; and DOES 1 through 50, inclusive, | Judge:  Honorable Su Chon |
| | Discovery: Tier 3 |
| Defendant. | |

Plaintiff is informed and believes, and thereon alleges against Defendant as follows:

### PARTIES

1.      This is a subrogation action brought by an insurer (who is the real party in

interest) in the name of its insured pursuant to Utah Code Ann. § 31A-21-108, which

provides: "Subrogation actions may be brought by the insurer in the name of its insured."

2.     At all times relevant, nominal plaintiff Janet Lapine ("Lapine") was a resident of Utah.

3.     Real party in interest Allstate Property and Casualty Insurance Company ("Allstate") is an approved insurance company in the state of Utah with its corporate headquarters in Los Angeles, California.  Allstate is the subrogee of Lapine.

4.     At all times relevant hereto, Allstate provided insurance to Lapine including coverage for the residence located at 5925 Mountain Ranch Drive, Park City, Utah (the "Subject Property").

5.     At all times relevant hereto, Defendant Omegaflex, Inc. ("Omegaflex"), upon information and belief, is a business entity organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located in Pennsylvania.

6.     Defendant, Omegaflex, upon information and belief is a corporate entity that, either through itself or through its related entities, was the manufacturer, distributor, and/or seller of *TracPipe* corrugated stainless steel tubing ("CSST").

## JURISDICTION AND VENUE

7.     The above allegations are incorporated by reference.

8.     The allegations in this complaint arise as a result of fire damage that occurred at the real property owned by Lapine and located at 5925 Mountain Ranch Drive, Park City, Utah (the "Subject Property").

- 2 -

9.     This Court has jurisdiction over the dispute.

10.    This Court has jurisdiction over the parties.

11.    Venue lies with this Court.

## GENERAL ALLEGATIONS

12.    The above allegations are incorporated by reference.

13.    In 2003, the Subject Property was constructed and utilized *TracPipe* CSST to supply gas.

14.    CSST is an ultrathin, flexible piping used to transport natural gas within residential structures.  It was developed as an alternative to the much thicker, more durable black iron pipe that has long been used to transport gas within residences.

15.    CSST's thin walls are susceptible to perforation by an electrical arc generated by a lightning strike, which can cause and has caused fires, damage to and destruction of residential structures, and creates a substantial and unreasonable risk of death or personal injury.

16.    It is well documented that CSST can fail catastrophically when lightning strikes nearby.

17.    Due to this knowledge and research, Omegaflex developed *CounterStrike*, which purportedly contains all of the features of *TracPipe*, plus a plastic jacket with an insulation value of at least 25,000 volts to protect it from lightning damage.

- 3 -

18.    Omegaflex began developing and marketing a different product, *CounterStrike*, that was designed to better dissipate and withstand the electrical charge from lightening.

19.    Omegaflex phased out the manufacture and sale of *TracPipe*.

20.    Omegaflex used the test data to tout the capabilities of its new product over its original *TracPipe* CSST, but it failed to warn distributors, builders, installers, and ultimately homeowners of the propensity of *TracPipe* CSST to fail in the event of lightning and that such failure can cause a gas-fed fire.

21.    Based upon the subsequent improvements to the CSST, Omegaflex knew or should have known, that the CSST presented an unreasonable risk of failure when subjected to energy from an indirect lightning strike.

22.    Despite this knowledge, Omegaflex failed to sufficiently warn Plaintiff of the unreasonable risk of failure of the CSST.

23.    On or about October 2, 2015, Park City, Utah experienced a severe storm with heavy rains, strong winds and multiple lightning strikes.

24.    There was approximately 108 cloud-to-ground lightning strikes within a five mile radius of the Subject Property.

25.    As a result of the storm, lightning struck near the Subject Property.

26.    On October 2, 2015 a fire erupted at the Subject Property, causing substantial damage to the real and personal property of Lapine.

- 4 -

27.   An electrical imbalance from nearby lightning strikes caused the CSST to become perforated, allowing gas to escape the outer shell of its tubing.

28.   The fugitive gas ignited and the fire resulted.

29.   As a result of the fire, Lapine suffered damage to their real and personal property, additional expenses, and interference with the right to peaceful enjoyment of their real property, and these damages were directly and proximately caused by the Defendant.

30.   At all relevant times, Lapine had an insurance policy with Allstate. Allstate made certain payments under the terms of the policy, because of said payments, pursuant to the policy, law, and equity, Allstate has become subrogated to the rights of Lapine.

31.   Allstate has made payments totaling $2,043,165.44 as a result of the damage caused by the fire that originated at the Subject Property.

## FIRST CAUSE OF ACTION
### (STRICT LIABILITY)

32.   The above allegations are incorporated by reference.

33.   Omegaflex is engaged, and all time relevant hereto was engaged, in the business of designing, manufacturing, distributing, marketing, and/or selling CSST such as *TracPipe* installed within the Subject Property and is in the chain of distribution of the CSST product.

34.   Omegaflex designed, manufactured, distributed, marketed and/or sold the CSST in a defective condition, unreasonably dangerous to Lapine and the Subject Property.

- 5 -

2821668v1

35.     Omegaflex knew or should have known that the CSST would, and did, reach the Subject Property without substantial change in the condition in which it was originally manufactured, distributed, and/or sold.

36.     Omegaflex knew or should have known that the defects in the CSST was dangerous to an extent beyond which would be contemplated by the ordinary and prudent buyer, consumer and/or user of CSST.

37.     Omegaflex markets its *TracPipe* product as a more efficient, easier alternative to other brands of CSST, which require direct bonding and grounding.

38.     The CSST was defectively designed and in an unreasonably dangerous condition at the time it left Omegaflex's possession and control insofar as it was:

   a.  Designed so that it was not able to be properly bonded or grounded to withstand electrical energy from lighting storms;

   b.  Designed so that it was unable to withstand damage to its structural integrity resulting from anticipated and foreseeable electrical storms and lightning;

   c.  Provided without adequate or appropriate instructions for its safe installation and use;

   d.  Defectively designed, in that the CSST's outer walls were too thin to be safely used under anticipated conditions in the geographical area of the Subject Property;

   e.  Provided without adequate warnings of the potential failure in the event of a lightning activity in the geographical area the Subject Property was located;

- 6 -

    f. Provided without adequate warnings of the latent dangerous characteristics of the CSST;

    g. Provided inadequate testing to determine its ability to withstand anticipated foreseeable environmental conditions; and

    h. Was otherwise unreasonably dangerous and defective when used in foreseeable weather conditions.

39.    Lapine was the intended user of the product.

40.    The manner in which the product was used by Lapine was entirely foreseeable and reasonable.

41.    Omegaflex knew or should have known that the CSST would come into contact with or be subject to an electrical imbalance from lightning strikes.

42.    The CSST, because of its defective condition, became perforated.

43.    The perforation in the CSST permitted gas to escape which ignited.

44.    The resulting fire was the natural and continuous sequence stemming from the CSST defects causing extensive and substantial damage to Plaintiff.

45.    There is a feasible, safer alternative design to CSST.

46.    For these reasons, Defendant is strictly liable to Plaintiff for damages under Section 402A of the Restatement (Second) of Torts and applicable case law of the State of Utah.

47.    The CSST was the proximate cause of the damage to the Subject Property and the contents therein causing damage to the Plaintiff in an amount to be proven at trial,

- 7 -

but in no event less than $2,043,165.44, plus interest, costs of suit, delay damages, and other such relief as the Court deems appropriate under the circumstances.

## SECOND CAUSE OF ACTION
### (NEGLIGENCE)

48. The above allegations are incorporated by reference.

49. The damages suffered by Plaintiff as described above were the direct and proximate result of negligence, carelessness, recklessness, and/or other unlawful conduct of Omgaflex, by and through its employees, agents, technicians, and/or servants, more specifically described as follows:

    a. Failing to exercise reasonable care in the following manner:

        i. Failing to design, manufacture, assemble, sell, design, transport, distribute, test, inspect and/or market a properly functioning product;

        ii. Failing to properly inspect and/or test the product and/or its component parts when assembling the CSST;

        iii. Failing to properly determine and ensure that the subject CSST was in compliance with applicable industry standards;

        iv. Failing to provide safe and adequate warnings or instructions with the CSST; and/or

        v. Manufacturing, marketing, distributing, assembling and/or selling the CSST when Omegaflex knew or should have known that the CSST and/or its component parts would be inadequate for the reasons for which purchased.

- 8 -

b. Failing to adequately instruct, supervise and/or train employees, agents, technicians, and/or servants as to the proper ways to perform the tasks set forth in subparagraph (a) above;

c. Failing to adequately warn consumers and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

d. Failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

e. Failing to retain competent, qualified and/or able employees, agents, technicians, and/or servants to perform the tasks set forth in subparagraph (a) above;

f. Failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications, laws, and standards;

g. Violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action; and/or

h. Otherwise acting negligently under the circumstances.

50. Omegaflex breached its duties of care to Lapine.

51. The fire at the Subject Property would not have occurred but for the negligence of Defendant.

52. As a direct and proximate result of Omgaflex's above-described negligence, the Plaintiff sustained extensive and severe damage in an amount to be proven at trial, but in no event less than $2,043,165.44, plus interest, costs of suit, delay damages, and other such relief as the Court deems appropriate under the circumstances.

- 9 -

2821668v1

### THIRD CAUSE OF ACTION
### (BREACH OF WARRANTY)

53.     The above allegations are incorporated by reference.

54.     At the time of contracting for the sale and/or distribution of the product, Omegaflex had reason to know the particular purpose to which the product would be used and knew that its skill and judgment were being relied upon to furnish a suitable product.

55.     Omegaflex breached the implied warranty of fitness for a particular purpose as set out in the Uniform Commercial Code ("UCC") Utah Code Ann. § 70A-2-315 in that the product was not fit for the particular purpose for which such products are required.

56.     In addition, Omgaflex breached its implied warranty of merchantability as set out in Utah Code Ann. § 70A-2-212 in that the product was not fit for the ordinary uses for which the product was intended to be and was used.

57.     In addition, Omegaflex breached any and all express warranties made or relating to the product that became part of the basis of the bargain for sale of the product in derogation of Utah Code Ann. § 70A-2-313. Omegaflex is in a better position to produce such express warranty as the manufacturer and distributor of such product.

58.     Lapine was the intended beneficiaries of said warranties.

59.     The damages to the Subject Property were the direct and proximate result of Omegaflex's breach of their implied warranties of fitness for a particular purpose, warranty of merchantability, and as a result of Omegaflex's breach of their express warranties.

- 10 -

60.    As a direct and proximate result in Omegaflex's above-described breach of express and implied warranties, Plaintiff sustained extensive and severe damage in an amount to be proven at trial, but in no event less than $2,043,165.44, plus interest, costs of suit, delay damages, and other such relief as the Court deems appropriate under the circumstances.

## PRAYER

**WHEREFORE**, Plaintiffs pray that judgment be entered in the name of real parties and against Defendant as follows:

A. For damages in an amount to be proven at trial;

B. For prejudgment interest at the rate permitted by law;

C. For cost and attorney's fees as permitted by law;

D. For post-judgment interest as permitted by law; and

E. For such other relief as the Court may deem just and fair.

Respectfully submitted this 29th day of September, 2017.

BAUMAN LOEWE WITT & MAXWELL, PLLC

Kenneth W. Maxwell
Benjamin J. Branson
Attorneys for Plaintiff
*Allstate Property and Casualty*
*Insurance Company, who is suing in the name*
*of its insured, Janet Lapine, pursuant to*
*Utah Code Ann § 31A-21-108*

- 11 -

2821668v1