IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JANET LAPINE,<br><br>      Plaintiff,<br><br>v.<br><br>OMEGA FLEX, INC., a foreign corporation,<br><br>      Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:18-cv-28-DB<br><br>District Judge Dee Benson |

Before the court is Defendant's Motion to Strike portions of Plaintiff's Complaint. (Dkt. No. 11.) The Motion has been fully briefed by both parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

In its Motion, Plaintiff seeks to strike from the Complaint: 1) "references to CounterStrike and/or 'subsequent improvements' to the product at issue"; 2) "reference to an 'express warranty' within Count Three"; and 3) "Plaintiff's claim for attorneys' fees." (Dkt. No. 11.) Rule 12(f) permits a court to strike from a pleading an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). "A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Thompson v. Washington Nat'l Ins. Co.*, No. 2:14-CV-00660-DN, 2015 WL 8346166, at *2 (D. Utah Dec. 8, 2015).

First, Defendant's Motion is untimely. Rule 12(f)(2) provides that a Motion to Strike must be filed "within 21 days after being served with the pleading." Fed. R. Civ. Proc. 12(f). Rule 81 provides that in removed actions, any defenses or objections must be filed within either "21 days after receiving …the initial pleading" or "7 days after the notice of removal was filed." Fed. R. Civ. Proc. 81. Defendant was served with the initial pleading on December 27, 2017, and filed a notice of removal on January 11, 2018. Defendant did not file its Motion until January 30, 2018, which did not meet either deadline.

Even if Defendant's Motion had been timely, the material it seeks to strike is not "redundant, immaterial, impertinent, or scandalous" as required by Rule 12(f). In essence, Defendant's Motion includes a motion to exclude evidence of subsequent remedial measures, a motion to dismiss Plaintiff's express warranty claims, and a motion for judgment as a matter of law that Plaintiff is not entitled to attorneys' fees under any circumstance. Defendant does not provide a basis to find that the materials it seeks to strike are "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. Proc. 12(f). For that reason, and for the reasons articulated in Plaintiff's opposition brief, (Dkt. No. 13,) the Motion to Strike is denied.

## Conclusion

Defendant's Motion to Strike is DENIED.

DATED this 5th day of April, 2018.

BY THE COURT:

_____
Dee Benson
United States District Judge