IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JANET LAPINE,<br><br>          Plaintiff,<br><br>v.<br><br>OMEGA FLEX, INC., a foreign corporation;<br><br>          Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:18-cv-00028-DB<br><br>District Judge Dee Benson |

Before the Court is Defendant's Motion to Set Matter for Jury Trial (Dkt. No. 47.) Having reviewed the relevant materials, the Court now issues the following Memorandum Decision and Order.

## Relevant Procedural Background

Defendant requested a jury trial when it initially answered Plaintiff's Complaint on February 20, 2018. (Dkt. No. 17.) Defendant also requested a jury trial when it filed an Amended Answer on April 18, 2018. (Dkt. No. 20.) However, the Parties had stipulated to a bench trial in the Attorney Planning Meeting Report, filed on February 15, 2018. (Dkt. No. 15.) The Magistrate Judge approved the Scheduling Order on March 2, 2018, setting this matter for a twelve-day bench trial. (Dkt. No. 18.) Moreover, the Parties stipulated to extend certain deadlines, which resulted in the issuance of two new scheduling orders. These stipulations and amended scheduling orders also indicated that the trial would be a bench trial. (Dkt. Nos. 23, 25, 34, 41.)

On September 26, 2019, Defendant filed the current Motion, requesting to designate the trial as a jury trial pursuant to Rules 38 and 39 of the Federal Rules of Civil Procedure. (Dkt. No.

47.) Plaintiff opposed the jury trial designation, arguing that Defendant waived any allegedly timely jury demand in its Answer and Amended Answer by stipulating to a bench trial and by failing to object to the multiple scheduling orders that set this matter as a bench trial. (Dkt. No. 48.)

Discussion

Federal Rule of Civil Procedure 38 provides that a proper jury demand "may be withdrawn only if the parties consent." Fed. R. Civ. P. 38(d). Rule 39 further provides that when a jury trial is properly demanded under Rule 38, the trial "must be by jury unless . . . the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record." Fed. R. Civ. P. 39(a)(1). Although Defendant approved the language of the attorney planning meeting report and amended scheduling orders, Defendant "did not explicitly acknowledge that it was waiving its right to a jury trial." *See Eagledirect Mktg. Sols., Inc. v. Engenus NA LLC*, No. CIV.A.06CV01170LTB K, 2008 WL 1902685, at *1 (D. Colo. Apr. 25, 2008). *Compare Fields Eng'g & Equip., Inc. v. Cargill, Inc.*, 651 F.2d 589, 592 (8th Cir. 1981) (finding that parties had sufficiently waived the right to jury trial under Rule 39(a) where pretrial order explicitly recited parties' waiver of jury trial during pretrial conference). Given the importance of the right to a jury trial, any doubt as to a waiver of this right should be resolved in favor of Defendant.

Even if the jury demand in Defendant's Answer and Amended Answer was waived, the Court finds that this action is appropriate for consideration by a jury. Federal Rule of Civil Procedure Rule 39(b) provides that, when no demand is made, the court "may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39. As Plaintiff contends, the Tenth Circuit has indeed held that "it would not be an abuse of discretion to deny relief pursuant to Rule 39(b) when the failure to make a timely jury demand results from

nothing more than the mere inadvertence of the moving party." *Nissan Motor Corp. in U.S.A. v. Burciaga*, 982 F.2d 408, 409 (10th Cir. 1992). However, "it does not follow that this court *must* deny a rule 39(b) motion based solely on the inadvertence of counsel." *McConkie v. McGinnis*, No. 2:09CV274, 2010 WL 4687726, at *1 (D. Utah Nov. 10, 2010) (emphasis in original).

Notably, the trial in this matter is scheduled for October 19, 2020, nearly one year from now. The Court finds that Plaintiff has sufficient time to prepare its case and will not be prejudiced by the decision to reset this action as a jury trial. "[A]bsent strong and compelling reasons to the contrary, a district court should exercise its discretion under Rule 39(b) and grant a jury trial." *Burciaga,* 982 F.2d at 409; *see also Commonwealth Land Title Ins. Co. v. OMG Americas, Inc.,* No. 2:10-CV-1027-TC-PMW, 2014 WL 2465904, at *4 n.5 (D. Utah June 2, 2014) ("Federal case law favors jury trials on issues typically reserved for juries.").

The Court hereby exercises its discretion to order a jury trial in this matter.

Conclusion

For the reasons set forth above, Defendant's Motion to Set Matter for Jury Trial is hereby GRANTED.

DATED this 4th day of November, 2019.

BY THE COURT:

Dee Benson
United States District Judge